CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN BRITT, # 322244, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-CV-00297 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, et al. ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Melvin Britt, # 322244, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Britt alleges that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted. Therefore, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I. Allegations and Claims

In his complaint, Britt alleges that on or about February 10, 2005 he began to have pain in his side and difficulty breathing. However, Britt admits that he did not inform correctional officers or medical staff of his discomfort until February 13, 2005. On that date, at approximately 11:00 a.m., he informed Officer Estep that he had been in pain for three days and he was now experiencing increasing pain in his side and difficulty breathing. Britt admits that Estep immediately contacted Lieutenant Davis, but then alleges that Davis stated that because Britt

1

admitted that he had been in pain for three days, but had made no previous effort to inform correctional officers or medical staff he could wait another hour for the medical staff to arrive at the institution.

Britt admits that at approximately 3:45 p.m. on February 13, 2005 he was examined by Nurse Tim Thompson. As evinced by the medical records submitted as an exhibit to plaintiff's complaint, at that time all Britt's vital signs were normal. He merely complained of pain in the lower border of his rib cage and pain during movement and palpitation. Britt was then placed on the physician check list for the following day.

Britt further admits that he was examined by a physician on February 14, 2005. At that time he again complained of chest pain and trouble breathing. However, the doctor found that his vitals remained normal and his chest was clear. Accordingly, the doctor diagnosed Britt with nothing more than muscle strain and prescribed a pain reliever for the next seven days.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

### A. Tim Thompson

To the extent that Britt alleges that defendant Nurse Tim Thompson denied him adequate

2

medical care in violation of the Eighth Amendment by delaying his physical examination of him by approximate four hours, it must fail.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-06.

In his complaint, Britt alleges that although he complained of difficulty breathing and pain in his side at 11:00 a.m., he was not examined by Thompson until 3:45 p.m.. Britt admits that after he was examined by Thompson he was placed on the physician check list for the following day and was subsequently examined and prescribed a pain reliever. As indicated by his claims, Britt does not allege that he did not receive any treatment at all. Rather, he complains

3

that he did not receive an instantaneous physical examination following his complaint of pain and difficulty breathing. However, as evinced by the medical record, it is clear that Britt was not suffering from obvious or significant breathing problems. All of his vital signs were normal and he exhibited no physical signs of breathing difficulty. Accordingly, his complaint that he required immediate medical attention when he first complained of pain amounts to nothing more than a disagreement between medical staff and inmate as to a proper course or time of treatment.

Additionally, to the extent that Britt believes that Thompson failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Britt has failed to state a viable § 1983 claim against Thompson. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Lieutenant Davis

To the extent that Britt alleges that Lieutenant Davis failed to ensure that he receive prompt medical attention in violation of his Eighth Amendment rights, it too must fail. As noted above, to establish an Eighth Amendment claim plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer, 511 U.S. 825 (1994). Britt admits that when he complained to Officer Estep of pain and difficulty breathing on February 13, 2005 he also informed him that he had actually been experiencing such pain since February 10, 2005. He further admits that he made no effort to inform correctional officers or

medical personnel during their regular cell checks of any discomfort before February 13, 2005. As Britt was examined by medical personnel within four hours of his first complaint, it is obvious that Davis was not deliberately indifferent to Britt's medical needs. Additionally, as it is evident from the medical record that Britt did not have any apparent signs of breathing difficulty, other than his claims of discomfort, it is clear that Davis was not aware of an obvious risk to Britt's health which necessitated instantaneous medical attention. As such, I find that Britt has failed to state a viable § 1983 claim against Davis. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C. Gene Johnson

Britt makes no specific allegations against Gene Johnson, Director of the Virginia Department of Corrections, in his complaint. However, to the extent that he attempts to assign liability to Johnson based on his supervisory capacity, it must fail.

Supervisory liability requires a showing that the supervisory defendant failed to promptly provide an inmate with needed medical care, the supervisory defendant deliberately interfered with the prison doctor's performance, or that the supervisory defendant tacitly authorized or was indifferent to the prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). In the face of constitutional violations, the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Slakan v. Porter, 737 f.2d 368, 373 (4th Cir. 1984). However, supervisory officials are entitled to rely on the medical judgments made by prison physicians. Miltier, 896 F.2d 854-855.

As noted previously, Britt received prompt and through medical attention following his

5

complaints of discomfort. Accordingly, it is clear that Britt suffered no actual harm. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. Conclusion

Based on the foregoing, I find that Britt has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 16th day of May, 2005.

/s/ *Signature*
Senior United States District Judge